**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                            :
ROBERT F. BARLOW,           :    CIVIL ACTION NO. 07-2846 (MLC)
                            :
     Plaintiff,             :    MEMORANDUM OPINION
                            :
     v.                     :
                            :
STATE OF NEW JERSEY, et al.,:
                            :
     Defendants.            :
_____:
```

**THE PLAINTIFF**, who is pro se, applying to proceed in forma pauperis under 28 U.S.C. § ("Section") 1915 ("Application") (dkt. entry no. 1, Application); and the Court, based upon the plaintiff's assertions in support thereof, intending to (1) grant the Application, and (2) direct the Clerk of the Court to file the Complaint; and

**IT APPEARING** that the Court may (1) review a complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and the Court construing this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept[ing] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff", Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id.; and

**IT APPEARING** that a certain individual ("Individual") (1) killed the plaintiff's son, (2) was arrested, and (3) was released from custody in error (dkt. entry no. 1, Compl. at 2); and the plaintiff, who is a New Jersey citizen, appearing to assert in a handwritten Complaint that he is bringing this action in the "public interest" because (1) the Individual "is a threat to every U.S. citizen", (2) the defendants, in releasing the Individual, "failed to do and perform their jobs", and (3) he wants an investigation (id.);[1] and the plaintiff asserting that he is entitled to recover damages in the amount of $5 million (id.); and

**THE PLAINTIFF** thereafter filing a handwritten supplemental pleading, wherein he appears to assert a personal injury claim under state law (dkt. entry no. 2, First Supplemental Pleading at 1-3, 8); and the plaintiff also apparently citing the Federal Tort Claims Act ("FTCA") (id. at 2), even though (1) only the State of New Jersey, County of Mercer, New Jersey State Parole Board, and Hamilton, New Jersey are named as defendants, and a federal agency is not named as a defendant, (2) a federal agency was not holding the Individual in custody when he was released, and (3)

---

[1]  The Complaint notes that the action is being brought with the assistance of the plaintiff's brother, Clinton C. Barlow. (Compl. at 3.)

the plaintiff refers to notices of claim that he will file with state, county, and municipal authorities (id. at 2-7); and

**THE PLAINTIFF** thereafter filing a second handwritten supplemental pleading, wherein he (1) refers to the notices of claim that he plans to file with the state, county, and municipal authorities, (2) refers to this action as a "civil tort lawsuit", (3) notes that the Individual has been apprehended, and (4) again seeks "a full investigation" into the Individual's release (dkt. entry no. 3, Second Supplemental Pleading at 3-4); and

**THE PLAINTIFF** thereafter filing a third handwritten supplemental pleading, wherein he refers to this action as a "civil tort case" (dkt. entry no. 4, Third Supplemental Pleading at 1); and the plaintiff thereafter filing a fourth handwritten supplemental pleading (dkt. entry no. 5, Fourth Supplemental Pleading); and

**IT APPEARING** that the FTCA does not apply, as no federal agency is or could be named as a defendant, see 28 U.S.C. § 1346(b) (concerning tort action against federal government); 28 U.S.C. § 2401(b) (concerning tort action against federal agencies); and it appearing that the claim to seek relief in the public interest does not give rise to a federal claim, see Hill v. Nassberg, 166 Fed.Appx. 608, 610 (3d Cir. 2006) (dismissing as frivolous an appeal from order dismissing claims concerning plaintiff's "generalized grievance as a concerned citizen"); and

3

it appearing that a federal court cannot compel an investigation, and thus the claim thereon is barred, see Millhouse v. Levi, 267 Fed.Appx. 140, 141 (3d Cir. 2008) (dismissing for lack of merit an appeal from order dismissing claim to compel investigation); Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3d Cir. 2007) (same); and it appearing that a federal court has no general power to compel action by state officials, see In re Jones, 28 Fed.Appx. 133, 135 (3d Cir. 2002); and it further appearing that no other claims under federal law are to be found in the Complaint or the supplemental pleadings, and thus there is no jurisdiction under Section 1331 here; and

**IT APPEARING** from the face of the Complaint that there is no jurisdiction under Section 1332, as (1) the State of New Jersey is a defendant, see Stone v. South Carolina, 117 U.S. 430, 433 (1886) (stating there is no Section 1332 jurisdiction in "suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state"); Harris v. Pa. Tpk. Comm'n, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) (stating "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction"), and (2) the citizenship of the parties is not completely diverse, see 28 U.S.C. § 1332(a)(1); and

**THE COURT** intending to (1) dismiss with prejudice the Complaint for failure to state a claim insofar as it asserts (a) a

4

claim under the FTCA and federal law, and (b) jurisdiction under Sections 1331 and 1332, and (2) dismiss the Complaint insofar as it asserts state-law claims, but without prejudice to the plaintiff to recommence the action insofar as it concerns only state law in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see 28 U.S.C. § 1367(d) (concerning state-law claims surviving dismissal of federal-law claims); see also Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning survival of state-law claims when complaint dismissed for lack of Section 1332 jurisdiction); and the Court noting that the merits of the state-law claims will not be addressed here; and for good cause appearing, the Court will issue an appropriate Order and Judgment.


                                                 ___s/ Mary L. Cooper_____
                                                 **MARY L. COOPER**
                                                 United States District Judge


Dated: April 1, 2009